SARAH F. TRENWITH v. MARGARET SMALLWOOD et al.

*Clerk—Deed, Probate of—Subscribing Witness.*

A Clerk is not incompetent to take the *acknowledgment* of the execution of a deed because he is a subscribing witness to the document.

SPECIAL PROCEEDING, tried at Spring Term, 1892, of CRAVEN Superior Court, *Winston, J.,* presiding.

The plaintiff appealed.

*Mr. W. D. McIver,* for plaintiff.
*Mr. W. W. Clark,* for defendants.

MACRAE, J.: This was a special proceeding for partition, the plaintiff alleging that she was tenant in common with defendants. The defendants denied the tenancy in common, and it was agreed that the facts should be found by the Judge. The *feme* defendant, in support of her plea of sole seizin, offered a deed of mortgage, made by plaintiff to her, conveying the land in controversy to defendants in fee-simple. Plaintiff objected to the reception of this deed in evidence, because it appeared upon its face that E. W. Carpenter was the subscribing witness thereto, and it further appeared that acknowledgment of the execution of said deed was made before said E. W. Carpenter, who was, at the time of the execution and of the acknowledgment, Judge of Probate of Craven County, and that he, as Probate Judge, admitted the said deed to probate. The contention of the plaintiff's counsel was that the probate of the said deed was void under subdivision 3 of section 104 of *The Code.*

"No Clerk can act as such in relation to any estate or proceeding * * * if he or his wife is a party or a subscribing witness to any deed of conveyance, testamentary paper or nuncupative will."

It is found as a fact by the presiding Judge "that at the time of said acknowledgment and probate by the said Clerk, the said Clerk entered his name on said mortgage as the subscribing witness thereto at request of parties, telling them it was not necessary, but that the probate was made upon the acknowledgment of said mortgagors, 'and not upon the proof of said mortgage by the Clerk as the subscribing witness thereto."

It seems, then, that the signing as witness by the Clerk of the Court, who was then designated by law as "Probate Judge," and the taking probate of the deed were contemporaneous acts, and that the said Probate Judge was not a subscribing witness to the deed before the taking of probate of the same.

But were it otherwise, we cannot give this strict construction to the statute, which is contended for by the plaintiff's counsel. While we are not at liberty to depart from the plain meaning of the words of the statute, we are required to consider it in connection with the other sections of *The Code* relating to the same subject, and we are not confined to such strained and narrow construction as will do violence to the intent of the Legislature and the spirit of all the laws in *pari materia.*

By section 103 the Clerks of the Superior Courts, succeeding to the jurisdiction of the Probate Judges, have jurisdiction (1) "to take *proof* of deeds," &c.

By section 1246, "all deeds conveying lands, letters of attorney, or other instruments requiring registration, must be offered for probate ____ before the Clerk of the Superior Court of any county in the manner following: (1) When the grantor or maker, or subscribing witness, resides in the county wherein the land lies, the deed * .* * requiring registration must be *acknowledged* by such grantor or maker, or proved by the *oath of such subscribing witness* before the Clerk, &c., who shall enter his certificate thereon." And then it is to be admitted by the Clerk to probate and ordered to be registered.

Section 104 disqualifies the Clerk to act in relation to any estate or proceeding (1) (in affirmance of the common law which forbids any Judge to sit upon his own case) if he has or claims any interest in the subject-matter; (2) if he is closely related to any of the parties in interest; (3) if he or his wife is a party or subscribing witness to any deed, &c.

Taking these sections together, the distinction is evident between taking *proof* and taking *acknowledgment* of any deed. He cannot take proof of a deed of which he is the subscribing witness, because he cannot swear himself. He ought not to take proof where his wife is a party or a subscribing witness,

because of his interest in the one case, and the relation between them, which, in the view of the Legislature, renders it improper in the other.    No error, and the judgment is

Affirmed.